UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FREDRIC ALAN MAXWELL | No. 3:14-cv-00384-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| JEFF HEATHERINGTON; FAMILYCARE, INC.; and FAMILYCARE MEDICAL CLINICS, INC. | |
| Defendants. | |

ACOSTA, Magistrate Judge

Fredric Alan Maxwell ("Maxwell") filed this case against Jeff Heatherington, FamilyCare, Inc., and FamilyCare Medical Clinics, Inc., (collectively "Defendants") in March 2014. Maxwell alleges that Defendants fraudulently induced him into a contractual relationship through false representations and false advertising. Defendants moved to dismiss his claim for lack of subject

FINDINGS & RECOMMENDATION - 1                                                              [RMD]

...
...

matter jurisdiction and failure to state a claim. Maxwell also moved to voluntarily dismiss his complaint.

*Factual Background*

In January 2014, Maxwell entered into a contract with Defendants for health insurance coverage. (Compl. at 2.) Maxwell specifically chose Defendants as insurance providers because the policy purported to cover specific doctors located near Maxwell's home. (*Id.*) After the insurance contract was finalized, Maxwell contacted the specific doctors he sought to use and believed were covered by his policy, but found that neither of those physicians had offices near to his home. (*Id.*) Maxwell alleges that Defendants' misrepresentations regarding the location of covered service providers induced him into contract and caused him irreparable injury in the amount of $102,000.00. (*Id.*)

*Procedural Background*

In April 2014, Defendants moved to dismiss Maxwell's case for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) and lack of subject matter jurisdiction under Rule 12(b)(1). Maxwell did not oppose Defendants' motion to dismiss. Instead, Maxwell filed a "Motion to Withdraw Case Without Prejudice." Defendants do not oppose Maxwell's motion for voluntary dismissal, but request the court grant Maxwell's motion with prejudice so he cannot refile his claims for relief.

*Legal Standards*

I. Motion to Dismiss

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2)(2011). A federal claimant is not

required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief will not do. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

In cases involving a plaintiff proceeding pro se, the court construes the pleadings liberally and affords plaintiff the benefits of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) ("[F]ederal courts liberally to construe the 'inartful pleadings' of pro se litigants."). In other words, courts hold pro se pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-624.

II. Motion for Voluntary Dismissal

Rule 41 provides that a "plaintiff may dismiss an action without a court order by filing[] a notice of dismissal before the opposing party serves either an answer or a motion for summary

judgment." FED. R. CIV. P. 41(a)(1)(A). Rule 41(a)(1) creates for plaintiffs an "absolute right" to voluntarily dismiss claims against a defendant who has not yet answered the complaint or moved for summary judgment. *Young v. Bishop Estate*, 497 Fed. Appx. 735, 736 (9th Cir. 2012) (citations and internal quotation marks omitted). Unless the notice of dismissal provides otherwise, voluntary dismissal under FRCP 41(a)(1) is without prejudice. FED. R. CIV. P. 41(a)(1)(B). However, "if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." FED. R. CIV. P. 41(a)(1)(B).

If the Defendant has filed a responsive pleading or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). The court should grant a motion for voluntary dismissal unless doing so would cause the defendant to suffer from "some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). Unless the court specifies otherwise, a voluntary dismissal with leave of the court is without prejudice.

*Discussion*

At issue are Defendants' unopposed Motion to Dismiss and Maxwell's Motion to Withdraw. Maxwell is a pro se litigant, so the court must construe his filings liberally. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Therefore, the court construes Maxwell's Motion to Withdraw Case Without Prejudice as a notice of voluntary dismissal. Here, Defendants have filed neither an answer Maxwell's complaint nor a motion for summary judgment. Thus, under Rule 41(a)(1), Maxwell is entitled to dismiss his complaint without prejudice.

Defendants do not oppose voluntary dismissal, but request the court issue a decision on the

FINDINGS & RECOMMENDATION - 4                                                                                   [RMD]

merits and dismiss Maxwell's case with prejudice. Alternatively, Defendants request that the court allow Maxwell to voluntarily dismiss, but with prejudice. However, because Maxwell has exercised his right to voluntary dismissal, the court does not reach the merits of Maxwell's claims, and a voluntary dismissal under Rule 41(a)(1) is without prejudice as a matter of law unless certain circumstances apply.

Unlike dismissal under Rule 41(a)(2), which gives the court discretion to grant a motion for voluntary dismissal with or without prejudice, Rule 41(a)(1) provides that dismissal is without prejudice unless the plaintiff "previously dismissed any . . . court action based on or including the same claim." No evidence on the record indicates that Maxwell previously dismissed the claims he now wishes to withdraw. Therefore, the court should recognize Maxwell voluntarily withdrew his case without prejudice to refile. Because there is no longer a live complaint which the court may dismiss, Defendants' Motion to Dismiss should be denied as moot.

*Conclusion*

Because Defendants' have not yet filed a responsive pleading or motion for summary judgment, the court should construe Maxwell's Motion to Withdraw Case Without Prejudice (Dkt. No. 19) as a notice of voluntary dismissal and permit Maxwell to withdraw his case without prejudice. Further, the court should DENY Defendants' Motion to Dismiss (Dkt. No. 14) as moot.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due August 28, 2014. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review

of the Findings and Recommendation will go under advisement on that date.

DATED this 13th day of August, 2014.

                                            JOHN V. ACOSTA
                                     United States Magistrate Judge